Filed 10/31/13  P. v. Ford CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065103 |
| v. | (Super. Ct. No. F10902477) |
| ROBYN RUCKER FORD, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Edward Sarkisian, Jr., Judge.

Alison E. Kaylor, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

[*]      Before Kane, Acting P.J., Detjen, J., and Peña, J.

A jury convicted appellant, Robyn Rucker Ford, of possession of cocaine base (count 1/Health & Saf. Code, § 11350, subd. (a)), being under the influence of cocaine (count 2/Health & Saf. Code, § 11550, subd. (a)), and possession of a smoking device (count 3/Health & Saf. Code, § 11364). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

On March 14, 2010, at approximately 10:30 p.m., Fresno Police Officers Thomas Gregory and Dominic Alvarado responded to an apartment to check on the welfare of Ford's 11-year-old son. After being allowed into the apartment by the boy, the officers conducted a welfare check of the apartment looking for food, access to a telephone, and any dangerous conditions.

After about 15 minutes, Ford's sister, Peryna Washington, arrived at the apartment. When Ford arrived approximately 30 minutes later, she appeared nervous and fidgety, her pupils were dilated, and she emitted a foul odor which caused Officer Gregory to believe Ford might be under the influence of a controlled substance.

Officer Gregory asked Ford if she had been out using drugs. Ford responded that she had been down the street at "Caroline's" house and that at 8:00 p.m. they smoked a "nickel's worth" of crack cocaine. Ford also stated she had been using crack cocaine for 10 years and used it four days a week. Gregory asked Ford if she had any drug paraphernalia in the apartment and she replied that there was some in a closet. Gregory asked Ford if he could look in the closet and she said he could. Officer Alvarado looked in the closet and found a glass pipe of the type commonly used to smoke crack cocaine.

Officer Gregory asked Ford if she had any controlled substances on her person or in the apartment and she said she did not. Gregory arrested Ford and called for a female officer to come and search her. Officer April Marquez soon arrived at the apartment and

2

conducted the search of Ford. Officer Marquez put her hand in Ford's pants pocket and pulled out two small pieces of crack cocaine which weighed a combined total of .1 gram.

A sample of Ford's blood was subsequently drawn and tested. The test disclosed that Ford had used cocaine within a 12-hour period.

On August 1, 2011, the district attorney filed an information charging Ford with the three charges of which she was convicted.

On April 2, 2012, defense counsel filed a motion to suppress.

On April 19, 2012, the court heard and denied Ford's suppression motion.

On June 7, 2012, the court placed Ford on Proposition 36 probation for a period of two years.

On June 8, 2012, the court awarded Ford 21 days of presentence custody credit consisting of 11 days of presentence actual custody and 10 days of presentence conduct credit.

Ford's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende, supra*, 25 Cal.3d 436.) Ford has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **<u>DISPOSITION</u>**

The judgment is affirmed.